UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_____ DIVISION

FILED
IN CLERKS OFFICE

# § 2241 HABEAS CORPUS PETITION FORM
## TO BE USED BY PRISONERS IN ACTIONS UNDER 28 U.S.C. § 2241
## OR IN ACTIONS CHALLENGING REMOVAL PROCEEDINGS

2005 FEB 22  P 4: 38

DISTRICT COURT
DISTRICT OF MASS.

ESPERANZA MATIZ NANCY
_____

Inmate/Alien # 18492-038
_____

_____

_____

05 - 1039

Referred to MJ RBCollings

_____

(Enter full name of Petitioner, prison number
or alien [A] number, if applicable, AND
address of place of confinement.)

vs.

CASE NO: _____
(To be assigned by Clerk)

WARDEN M. RIVERA
_____

_____

_____

_____

(Enter name and title of each Respondent.
If additional space is required, use the blank
area below and directly to the right.)

## <u>ALL APPLICANTS MUST COMPLETE THIS ENTIRE FORM</u>

### ANSWER ALL OF THE FOLLOWING:

1. This petition concerns (check where applicable):

    (a).  ☐  a conviction
    (b).  XX  a sentence
    (c).  ☐  prison disciplinary action or other action resulting in lost gain time credits
    (d).  ☐  parole
    (e).  ☐  immigration/removal
    (f).  XX  other (explain):  <u>JURISDICTION</u>

2. Provide the following information regarding the conviction(s) and sentence(s) for which you are presently incarcerated:

    (a). Name(s) and location(s) of court: <u>DISTRICT OF MASSACHUSETTS</u>

    (b). Case Number(s): <u>91-10163</u>

    (c). Charge(s) for which you were convicted: <u>CONSPIRACY TO POSSESS MORE THAN FIVE KILOGRAMS OF COCAINE IN VIOLATION OF TITLE 21 § 841(a)(1) and 846.</u>

    (d). What was your plea? (Check one)
    (1) Not Guilty       XX
    (2) Guilty           ☐
    (3) Nolo contendere  ☐

    (e). Did you appeal from the judgment of conviction?     Yes ☐     No XX

3. If you did appeal, answer the following:

    (a) Name of Court: _____  Case #: _____

    (b) Result: _____

    (c) Date of opinion and mandate (citation, if known): _____

4. Claims that challenge your conviction or imposition of sentence can only be raised by motion under 28 U.S.C. § 2255 unless the § 2255 motion is inadequate or ineffective to test the legality of your detention. If any of the grounds raised above challenge your conviction or sentencing:

    (a) Have you filed a motion under 28 U.S.C. § 2255?
         Yes XX          No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s): DENIED

DATE FILED-APRIL 28, 1997

DATE DENIED-

CASE NUMBER- CIVIL ACTION NO. 97-10980-GAO

(b). Explain why the remedy under § 2255 was or is inadequate or ineffective:

(SEE ATTACHED BRIEF IN SUPPORT)

5. Are you currently represented by counsel in this case or in any other court case?

Yes ☐    No XX
If yes, please explain:

6.  If this case concerns removal proceedings:
   (a) Date of final order of removal:

   (b) Did you file an appeal with the Board of Immigration Appeals?    Yes ☐    No ☐

7.  In the spaces below, set forth every ground which supports your claim that you are incarcerated unlawfully. Briefly summarize the specific facts in support of each ground raised. Conclusions that are not supported by specific facts are insufficient. You may attach additional pages if necessary to raise additional grounds or provide additional facts. Do not cite any law in your statement of facts.

(a). Ground one: WHETHER PETITITIONER WHO HAS COMPLETED HER SENENCE (MAXIMUM

PENALTY RANGE FOR HER OFFENSE OF CONDUCT ACCORDING TO JURY VERDICT

IS SUBJECT TO IMMEDIATE RELEASE WHERE SHE IS SERVING A VOID SENTENCE

NOW: ACCORDING TO THE UNITED STATES SUPREME COURTS RULING IN THE CASE

OF BLAKELY V. WASHINGTON: BOOKER AND FANFAN. AND THE SIXTH AMENDMENT

Supporting FACTS (state briefly without citing cases or law): RIGHT IN THE CONSTITUTION.

   (SEE ATTACHED BRIEF)

3

_____

_____

_____

Exhaustion:

[1] - Have you presented ground one to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐   No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

_____

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground one to the Board of Immigration Appeals?

Yes ☐   No ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

(b). Ground two: WHETHER AN ACTUAL INNOCENT EXCEPTION ON THE SENTENCE PETITIONER IS CURRENTLY SERVING IS SUBJECT TO A HABEAS RELIEF WHERE CONTINOUS INCARCERATION WILL VIOLATE THE SIXTH     AMENDMENT RIGHT IN THE CONSTITUTION.   WHETHER THIS COURT HAS SUBJECT MATTER JURISDICTION TO GRANT IMMEDIATE RELEASE.

_____ Supporting FACTS (state *briefly* without citing cases or law): _____

_____

(SEE ATTAHCED BRIEF)

_____

_____

_____

_____ Exhaustion:

[1] - Have you presented ground two to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?

Yes ☐   No ☐

4

If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

_____

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground two to the Board of Immigration Appeals?
Yes  ☐  No  ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s).  _____

_____

____ (c).  Ground three: _____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____        Exhaustion:
[1] - Have you presented ground three to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
Yes  ☐  No  ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

_____

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground three to the Board of Immigration Appeals?
Yes  ☐  No  ☐

If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

**(d). Ground four:** _____

_____

_____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

Exhaustion:
[1] - Have you presented ground four to the Bureau of Prisons, either through the prison grievance system or other administrative proceeding?
    Yes  ☐   No  ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s).  Include any appeals:

_____

_____

_____

[2]-(Answer only if you are challenging an issue related to removal (immigration) proceedings) - Did you present ground four to the Board of Immigration Appeals?
    Yes  ☐   No  ☐
If yes, please provide the results of the proceeding(s) and the relevant date(s). _____

_____

_____

8.    WHEREFORE, based upon the grounds raised above, Petitioner prays that the court will grant the

following relief: ___GRANT JURISDICTION___

FREE HER FROM UNLAWFUL INCARCERATION

## DECLARATION

I declare under penalty of perjury that I have read the above and the information contained herein is true and correct.

2 - 10 - 2005
(Date)

Nancy E. Matiy
Signature of Petitioner

## IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one): ☐ delivered to prison officials for mailing, or ☐ deposited in the prison's internal mail system on:

2 - 10 - 2005 (date).

Nancy E. Matiy
Signature of Petitioner

Revised 07/02

7

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
Respondent/Plaintiff            )
                                )
v.                              )
                                )
ESPERANZA MATIZ NANCY           )
Petitioner/Movant               )
                                )

BRIEF IN SUPPORT OF HABEAS CORPUS
RELIEF PURSUANT TO TITLE 28
SECTION 2241

Comes now Petitioner/movant Esperanza Matiz in a propia personam, and respectfully moves this Honerable Court to grant her an immediate relief by entertaining her motion under the "savings clause" which states that:

> "An Application for a writ of Habeas Corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy, by motion is 'Inadequate or Ineffective' to tes the legality of his detention."

Petitioner avers that request to the district court is Inadequate or Ineffective to test the legality of this detention for the following reasons:

(1)  On June 24, 2004, the United States Supreme Court ruled in the case of <u>Blakely v. Washington</u>, 542 U.S._____(2004) that:

> "Because the facts supporting Petitioners exceptional sentence were neither admitted by petitioner nor found by a jury, the sentence violated the Sixth Amendment Right to trial by Jury. Pp 5-18"

-1-

(2) In July 2004 two questions were certified to the U.S. Supreme Court for clarification of the above opinion. One that substantially affects this course is the case of U.S. v. Booker, Lexis 628 (1/12/05), the question was, whether the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing Judges determination of a fact (other than a prior conviction) that was not found by the jury or or admitted by the defendant.

The Court in an opinion by Justice Stevens answered this question in the affirmative by applying its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. _____ 2004, to the Federal Sentencing Guideline and held that:

> "In the circumstances mentioned, the Sixth Amendment requires the juries not Judges, to find facts relevant to sentencing."

Based on the above ruling, Petitioner re-states that the motion under 2255 is Inadequate or Ineffective because:

(1) The above result was not dictated by precedent existing at the time petitioner's conviction became final in 1992 thus in this requisite it was almost certainly previously unavailable, making section 2255 Inadequate or Ineffective.

(2) Those decisions which defined the Judges role and the juries marks a clear break to point from the past and redefined what consitutes an element of an offense for an increased sentence; thus where the judge made a determination of the finding of fact that increased petitioners base offense level from 26 to 36 by constructively amending the Grand Jury Indictment from 500 grams

to 51.5 kilograms, a variance of 51 kilograms and that finding
violated defendants right to jury notice and trial under the
Sixth Amendment Right in the Constitution. Petitioner is actually
innocent of the 51 kilograms and her sentence should have been
limited to level 26 (500 grams of cocaine) with a precise
maximum range of 78 months. She is actually, Legally Innocent of
the sentence she is serving now and subject to immediate release.
Habeas relief is appropriate as the provisions of the United States
Constitution relating to "Suspension Clause" of the writ recognized
the eminent role of the writ, the fundamental instrument for safe-
guarding individual freedom against arbitrary and lawless state
action. See Mcleskey v. Zant, 499 U.S. 467, 478; 111 S.Ct 1456,
113 L.Ed.2d 517 (1991); See also Swain v. Pressley, 430 U.S. 372,
381, 97 S. Ct. 1224; 51 L.Ed.2d 411 (1977).

Petitioner is serving an illegal sentence and is asking for a
judicial rectification of so fundamental a defect in her sentence
as the U.S. district court exceeded its jurisdictional authority
to impose the void portion of the sentence. See In Re Frederich,
149 U.S. 70, 13 S. Ct. 793.

SUMMARY OF THE RELEVANT FACTS:

THE GRAND JURY CHARGES that:

On June 15, 1991, in the Middleboro and other places in the
District of massachusetts, New York and elsewhere, the Grand Jury
charged Esperanza Martiz and codefendants with knowingly,
intentionally, combine, conspire, confederate and agree with each
other with persons unknown to possess a quantity of cocaine,

-3-

schedule II substance in violation of Title 21, United States Code section 846.

Defendant maintained a plea of not guilty to the charges and proceeded to trial where she took the stand and testified on her defense. Emphasizing that she was not a part of a conspiracy . On January 21, 1992 petitioner was convicted of the above specific offense of 500 grams or more of cocaine. The Jury Instruction charged the jury as follows: "The indictment is not an evidence of proof of guilt."

In cosidering whether the court has proved the defendants guilt beyond a reasonable doubt, do not be concerned about what punishment might be if you find them guilty. If you find one or another guilty then I will need to deal with that. But it should form no function in your determination of the evidence in whether the court has proven them guilty beyond a reasonable doubt. (See Jury Instructions page 82)

". . . It does have to prove two things. It has to prove one, that there was an agreement about the time alleged. It doesn't have to be the exact day, but about the time alleged, namely, June 5 to June 12, 1991, by two or more persons to accomplish an unlawful prupose."

In this case, to possess cocaine with intent to distribute, that is No. 1, that there was an agreement by two or more persons to posess cocaine with the intent to distribute.

2. That the defendant . . . knowingly and willfully became a member of the conspiracy. These are the two things the government has to prove (See Jury Instructions page 84).

Petitioner has been incarcerated since June 15, 1991. She has served the maximum allowable prescribed penalty range for her

offense of conviction and respectfully asks this Honorable
Federal Court to exercise jurisdiction empowered by Article I,
Section 9, clause 2, and determine if petitioner is unjustly
being imprisoned, and if for some justifiable reason, she
was previously unable to assert her rights or was unaware of the
significant or relevant facts to afford her the opportunity of
obtaining judicial relief. See Price v. Johnston, Cal. 1948,
68 S. Ct. 1049, 334 U.S. 266, 92 L.Ed 1356. (See Exh. II –
computation sheet)

(b)  At sentencing, the judge specifically stated the following:

> "The sentence is within the guideline range, that range
> exceeds 24 months and the sentence is imposed for the
> following reason(s): I have no discretion to do otherwise
> even though I regard the sentence as unjust." See Exh III –
> (Judgement of Commitment.)

By a preponderance of the evidence, the probation officer
determined that the attempted drugs attributable to defendant is
not 500 grams as indicted but 51.5 kilograms, a drug enhancement,
a variance of 51 kilograms in violation of the Sixth Amendment
Right in the Constitution.

Because petitioner invoked her Fifth Amendment right and
took a stand on her defense; she was later found guilty. A
2 point enhancement was added to the base offense level for
obstruction of justice.

Petitioner was sentenced under the Mandatory minimum enacted
by Congress April 8, 1992, to 292 months in prison and 60 months
supervised release.

Sentence was calculated as follows:

-5-

| 51.5 kilograms of cocaine | Category I |
| Base offense Level | 36 |
| Manageral Role | 2 point enhanced |
| Obstruction of Justice | 2 point enhanced |
| Total Offense Level | 40 |

Guideline Range 292-325 months .

The only drug quantity charged by the Grand Jury was 500 grams or more of cocaine. No (two) 2 point enhancement for obstruction of justice was charged by the Grand Jury making that enhancement part of a punishment invalid.

No (two) 2 point enhancement was charged by the Grand Jury for a Manageral Role making that part of the punishment invalid.

Using the United States Sentencing Guideline Manual effective Nov. 2003, the actual sentence based on the Grand Jury Indictment and Jury Verdict should be: Quantity 500 grams, Category I. At least 500 grams but less than 2 kilos -

| Base offense Level | 26 |
| No Aggravating Factor | 0 |
| Indictment by Grand Jury | |
| Total Offense Level | 26 |

Sentencing range 63 months to 78 months

The law has changed after petitioner exhausted her remedy and based on the new law, she has served her time and is actually innocent of the sentence she is serving now.

Since the jury was instructed on the conspiracy statute without a specific drug quantity, the above instruction prevented the consideration of _any_ drug quantity by the Jury which might trigger the mandatory minimum sentence of an offense of conspiracy as proven beyond a reasonable doubt. Petitioenr wasw found guilty of

-6-

500 grams or more of cocaine in a conspiracy; since the maximum penalty range is 78 months less the mandatory minmum punishment should be limited to a madatory minimum of 10 years. (See the Omnibus Anti-Drug Abuse Act of 1986). Congress enacted the Statutory penalties commonly call "Mandatory Minmum" the aim of which was to provide a meaningful flaw in sentences for certain serious federal controlled substances and weapon related offenses. With respect to drug trafficking The Anti-Drug Abuse Act of 1986, establishes two basic trier of statutory penalties (Mandatory Minimums) for drug trafficking; a five year and a ten year imprisonment penalty. Under these minimum penalties, these minimum penalties are triggered exclusively by the type and quantity of controlled substance involved in the offense, so as to link the acts minimum penalties and specific drug quantities such that "Kingpins Trafficking" would be subjected to the 10 year minmum and middle level trafficking subject to five year minmum sentence. See Omnibus Drug Abuse Act of 1988. Pub.L.No. 99-570, 100 stat. (1986); See H.R. Rep. No. 845, 99th Congress, 2nd Sess. Pt. 1 at 11-17; HR-3979.

Thus at worst, petitioners sentence according to jury verdict should have been limited to 10 years Mandatory Minimum.

Petitioner adequately preserved these issues from sentencing through her collateral review and specfically attacked the enhancements by filing a second successive motion under Apprendi v. New Jersey, 530 U.S. 466 (2000), when the United States Supreme Court first ruled that "any facts (other than a prior conviction) not

precisely stated in the indictment and presented to the jury
for proof beyond a reasonable doubt was a violation of the Sixth
Amendment right in the Constitution.

Thus she re-avers that she is currently being incarcerated
under the authority of the United States based on a Judgement in
violation of the Sixth Amendment right in the components of the
Constitutional laws of the United States and the appropriate
vehicle for judicial rectification of an illegal sentence is
Title 28 USCA 2241. Thus relief sort goes to the fundamental
legality of the sentence she is serving now. See Davis v. U.S.,
417 U.S. 333, 346-47; 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

Petitioner has served 13 years plus Good conduct time totalling
732 days with a projected release date of 08/23/2012.    (See
EXH. II).

The actual sentence with a projected release date should have
been as follows: Category I, Level 26, (500 grams of cocaine)  -
United States Guideline Range 63 months to 78 months).

Based on 78 months prescribed maximum, sentence should have
been as follows: 78 months, less good conduct time of 347 days
with a tenative release date of January 3, 1996. Petitioner has
been held over the authorized Grand Jury Indictment for an extra
9 years, 1 month and 3 days.

Assuming that the Conspiracy statute is in play, Petitioner's
projected release date should have been as follows: (No quantity
according to Jury Instructions two.) Mandatory minimum of 10 years.
Tenative release date should be Nov. 30, 1999. (10 years, less
533 GCT). Petitioner has served an extra 5 years 2 months and

-8-

5 days <u>illegally</u> and in violation of the Constitutional Laws of the United States under the Sixth Amendment. See <u>Blakely</u> (supra) <u>Booker</u> (supra).

The court in Blakely further stated that:

A. Regardless of whether the Judges authority to impose the enhanced sentence depends on several specific facts, it remains the case that the jury verdict alone does not authorize the sentence.

B. That this courts commitment to Apprendi, in the context reflects not just respect for long standing precedent but the need to give intelligent content to the fundamental constitutional right of jury trial.

C. That this case is not about the determinative sentence but how it can be implemented in a way to respect the Sixth Amendment. The Booker court in declaring the enhancements elements of offense said "Blakely found that like <u>Jones v. United States</u>,526 U.S. 227; <u>Appprendi v. New Jersey</u>, 530 U.S. 466; and <u>Ring v. Arizona,</u> 536 U.S. 584, made clear "that the statutory maximum for Apprendi prupose is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendent;" and that Title 18 USCA §3553(b) directed that a court "shall impose a sentence of the kind, and <u>within</u> the range" established by the guidelines, subject to departure in specific, limited cases. Because they are binding on <u>all</u> the judges this court has consistently held that the guidelines have the force and effect of laws."

That . . . "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" §3553(b)(1).

does not avoid the constitutional issue.

The departures are available in most cases because the commission will have adequately taken all relevant factors into account, and no departures will be legally permissible. In those instances the judge is legally bound to impose a sentence within the Guideline range.

Petitioner has served her sentence and is serving an illegal sentence at this time, in violation of the Sixth Amendment right in the Constitution.

ARGUMENTS AND CITATION OF AUTHORITY:

The essence of a habeas corpus is to give a prisoner a reasonable opportunity to obtain judicial determination of the fundamental legality of his conviction and sentence. SEE Carafas v. Lavallee 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L.Ed 554 (1968); Price v. Johnston, 334 U.S. 266, 283, 68 S. Ct. 1049, 92 L.Ed 1356 (1948). Further incarceration of a prisoner on a procedural law that the United States Supreme Court has declared invalid is in violation of the constitutional laws of the United States under the Sixth Amendment right and subject to summary dismissal of the invalid portion(s) of the sentence the offender is serving. See Davis v. United States, 417 U.S. 333, 346-47; 94 S. Ct. 2298, 41 L.Ed 109 (1974); SEE ALSO Cocoran v. Sullivan,,112 F.3d 836, 838 (7th Cir. 1997); United States v. Gobart, 139 F.3d 436, 438 (5th Cir. 1998). Congress has created a safety hatch that if section §2255 in a particular case tends to be inadequate or ineffective to meet the essential functions of a habeas - which is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination

-10-

of the fundamental legality of his conviction or sentence. A Federal district court may entertain a habeas corpus petition by a prisoner challenging sentence yet to be served to obtain future release. See <u>Preiser v. Rodriguez,</u> 411 U.S. 475; 93 S. Ct. 1827, 36 L.Ed 439 (1973). The nature of the writ of habeas corpus in its capacity is to reach all manners of illegal detention and to cut through barriers or forms and procedural mazes; that it be administered with the initiative and flexibility essential to insure that miscarriage of justice within its reach are surfaced and corrected.

The United States Supreme courts ruling in the case of Booker and Fanfan 01-104; 01-105; (decided january 12, 2005) only upheld the decision in <u>Apprendi v. New Jersey,</u>530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), which states that "any facts, (other than prior conviction) that increases an offenders sentence must be stated in the indictment presented to the jury for proof beyond a reasonable doubt has been ruled by several courts including the Supreme Court in the case of <u>Ring v. Arizona,</u>536 U.S. 584 (2000); <u>Blakely v. Washington</u>, 542 U.S. _____, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004) to be in violation of the Sixth amendment right to jury notice. Also see <u>U.S. v. Castillo</u>, 120 S. Ct. 2090 (2000) [. . . where it was concluded that indictments are defective in that they are missing essential elements of the "separate aggravated crime]; SEE <u>U.S. v. R.L.C.</u>,503 U.S. 291, 112 S. Ct. 291, 112 S.Ct. 1329, 117 L.Ed.2d 559 (1992) [. . . where it was stated that penal provisions of the charging statute setting forth the maximum

possible penalty permissible under the sentencing guideline are not to be given primacy over the maximum possible penalty permissible under the sentencing guideline. That ruling was traced back to the constitutional violation in the case of In Re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970) re-interating the "Constitutional protection against a conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime charged. Constitutional 6th Amendment. See Apprendi and its progenies.

A sentence of 214 months above the statutory proescribed maximum range for offense of conduct is a violation of the Sixth Amendment Right in the Constituitional Laws of the United States.

A habeas corpus proceeding is not barred by the AEDPA One Year limitation as that provision is statutory not jurisdictional.

The district court had no jurisdiction to sentence petitioner over the prescribed maximum range on a non-existence crime as the drug quantity over 500 grams which is an element of the offense of artifix and the 4 point enhancement for an organizer role were neither charged in the indictment NOR admitted by petitioner. Thus under the actual innocent exception petitioner is being held illegally and respectfully asks for immediate release.

A judgement rendered in excess of the jurisdiction is subject to review at any time. There is an actual innocent exception to the AEDPA statute of limitation that are time barred. See Helton v. Sec'y for Dept of Comm. 259 F.3d 1310, 1315 n.2 (11th Cir. 2001).

Thus, where the petitioner is not attacking her conviction but rather the legality of her detention as she has served the maximum

-12-

allowable sentence by law based on the Supreme Courts decision in the case of U.S. v. Booker, 2005 U.S. Lexis 628 (Jan 12, 2005).

Claims of actual innocent are not subject to the doctrine of procedural default, see Burrell vs United States, 384, F.3d 22 (2nd Cir. 2004). See Bretke vs Haley, 124 S. Ct. 1847, 1852, 158 L.Ed.2d 659 (2004) [Holding the federal court faced with allegations of Actual Innocent whether of the sentence or the crime charged, must first address the non-defaulted claims for comparable relief and other grounds to excuse the procedural default and then address the claims of actual innocence.] Also see Hubbard vs. Pinchak, 378, F.3d 333 (3rd Cir. 2004).

CONCLUSIONS

Petitioner has served her sentence for offense of conviction. She respectfully requests for the following relief:

1. For the court to accept Jurisdiction over this case.

2. For the court to issue an order to grant the writ of Habeas and free petitioner from unconstitutional confinement.

Whereby petitioner Esperanza Matiz prays the court to grant her request.


RESPECTFULLY SUBMITTED

X Nancy E. Matiz
ESPERANZA MATIZ NANCY#18492-038
Federal Correctional Institution
501 Capital Cir. N.E.
Tallahassee, Florida      32301


2-10-2005
Date

X Nancy E. Matiz
Signature
-13-

## CERTIFICATE OF MAILING/FILING

This is to certify that I, ESPERANZA MATIZ NANCY, mailed a true copy of this motion for a habeaus relief with brief in support, certified, correct postage paid for prompt delivery and return receipt on this 11 day of February 2005 and addressed as follows:

THE CLERK OF THE COURT
2300 UNITED STATES COURTHOUSE
ONE COURTHOUSE WAY
BOSTON MA 02210-3002

_____

_____

02/10/05
Date

*Nancy E. Matiz*
Signature
Esperanza Matiz Nancy #18492-038
Federal Correctional Inst.
501, Capital Circle NE
Tallahassee Florida 32301.