UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
NANCY ESPERANZA MATIZ,           )
               Petitioner,       )
                                 )   C.A. No. 05-10398-MLW
          v.                     )
                                 )
WARDEN M. RIVERA,                )
               Respondent.       )
```

MEMORANDUM AND ORDER OF DISMISSAL

For the reasons stated below, the petition is dismissed. The clerk shall correct the petitioner's name on the docket to read Nancy Esperanza Matiz.

FACTS

On February 22, 2005, petitioner Nancy Esperanza Matiz, an inmate now confined to FCI Tallahassee, Florida, filed a Section 2241 habeas petition seeking to reduce her sentence and/or to vacate her 1992 conviction in this Court for conspiracy to possess with intent to distribute cocaine in light of the Supreme Court's decisions in Blakely v. Washington, --- U.S. ---, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, --- U.S. ---, 125 S. Ct. 738, --- L.Ed.2d----, 2005 WL 50108 (Jan. 12, 2005) ("Booker/Fanfan"). See Petition, p. 3; United States v. Hernandez, et al., C.R. 91-10163-RWZ (Apr. 9, 1992), aff'd, 92-1534 (Jan. 26, 1994). In 1997, petitioner filed a motion under Section 2255 to vacate or correct her sentence, and Judge O'Toole of this Court dismissed that petition. See Matiz v. United States, C.A. No. 97-10980-GAO (Feb. 5, 1998). Subsequently, the First Circuit denied petitioner leave to file a

second or successive 2255 petition.  Id., 02-2724 (Jan. 16,
2003).

ANALYSIS

I.   The Petition is Subject to Dismissal

Federal courts are always under an independent obligation to
examine their own jurisdiction, and must not entertain a habeas
petition over which it has no jurisdiction.  See Gonzalez v.
U.S., 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez
v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)).  Because the
petition filed by Matiz is brought pursuant to Section 2241, this
Court lacks jurisdiction over it because Matiz is incarcerated in
Florida.  To the extent it could be construed as a motion
pursuant to Section 2255, this Court also lacks jurisdiction
because it would be a "second or successive" petition for which
leave must first be obtained by the First Circuit.

A.   Petitioner Is Not In Custody in This District

A Section 2241 petition is properly brought in the district
court with jurisdiction over the prisoner's custodian; whereas a
Section 2255 petition must be brought in the sentencing court.
United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999),
cert. denied, 528 U.S. 1176 (2000).  Even where the petitioner
challenges the validity, rather than the execution of her
sentence under Section 2241 as here, jurisdiction lies, not in
the sentencing court as per Section 2255, but in the district
court that has jurisdiction over his custodian.  Norton v. United

2

States, 119 F. Supp. 2d 43, 45 (D. Mass. 2000).

The basis for this distinction is that a writ of habeas corpus under Section 2241 must be "directed to the person having custody of the person detained."  28 U.S.C. § 2243; Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert. denied, sub nom. Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord Gonzalez, 150 F. Supp. 2d at 240. Personal jurisdiction over a custodian requires "the presence of the custodian within the territorial confines of the district court." United States v. DiRusso, 535 F.2d 673, 676 (1st Cir. 1976).  Because petitioner's custodian is the warden of a facility in Tallahassee, Florida, he or she is beyond the territorial confines of this Court. See Vasquez, 233 F.3d at 696. Thus, this Court does not have personal jurisdiction over the warden of FCI Tallahassee, and must either dismiss or transfer this Section 2241 petition to the proper district.  Id. at 696.

B.   Any Section 2255 Petition Would Be Second or Successive

A petition is "second or successive" where a previous habeas petition has been decided on the merits.  See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000) (citations omitted).[1]  Because petitioner's Section 2255

---

[1]The First Circuit in Sustache-Rivera listed four situations in which a habeas petition would not be "second or successive:" (1) the later petition raises the same grounds as a previous

3

petition filed in 1997 was decided on the merits, <u>see</u> <u>Matiz v.</u>
<u>United States</u>, C.A. No. 97-10980-GAO, the instant petition would
be "second or successive."   <u>See</u> <u>United States v. Barrett</u>, 178
F.3d 34, 45 (1st Cir. 1999).

Before a party can file a "second or successive" Section
2255 motion, the motion must be certified by the court of
appeals, as provided in Section 2244,[2] to contain (1) newly
discovered evidence that, if proven and viewed in light of the
evidence as a whole, would be sufficient to establish by clear
and convincing evidence that no reasonable factfinder would have
found the movant guilty of the offense; or (2) a new rule of
constitutional law made retroactive to cases on collateral review

---

petition that was dismissed as premature; (2) a state prisoner's
later petition raises the same grounds as a previous petition
dismissed for failure to exhaust state remedies; (3) the earlier
petition terminated without a judgment on the merits; or (4) the
later petition attacks a different criminal judgment.  <u>Sustache-</u>
<u>Rivera</u>, 221 F.3d at 12-13.  Although this list is not exclusive,
<u>Norton</u>, 119 F. Supp. 2d at 44 n.1, at least one court in this
district has held that the tenor of the <u>Sustache-Rivera</u> opinion
and the case law from other circuits suggests that the First
Circuit is unlikely to expand the limited list of exceptions to
the second or successive bar.  <u>Gonzalez v. United States</u>, 135 F.
Supp. 2d 112, 120-121 (D. Mass. 2001), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Brackett v.</u>
<u>United States</u>, 270 F.3d 60 (1st Cir. 2001).

>   [2]Section 2244(b)(3)(A) provides that:
>   Before a <u>second or successive [habeas] application</u>
>   permitted by this section is filed in the district
>   court, the applicant shall move in the appropriate
>   court of appeals for an order authorizing the district
>   court to consider the application.

28 U.S.C. § 2244(b)(3)(A) (emphasis added).

by the Supreme Court that was previously unavailable.  28 U.S.C. § 2255.

The requirement that a motion to file a "second or successive" habeas petition be filed in the court of appeals is an allocation of subject-matter jurisdiction to that court, see Barrett, 178 F.3d at 41, and this Court may not consider a second or successive habeas application absent proper authorization from the court of appeals.  Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).  This Court has the discretion to dismiss a "second or successive" habeas petition or transfer it to the Court of Appeals for the First Circuit.  Libby, 177 F.3d at 46; accord Gonzalez v. United States, 135 F. Supp. 2d 112, 120 (D. Mass. 2001), aff'd sub nom. Brackett v. United States, 270 F.3d 60 (1st Cir. 2001); see generally First Circuit Local Rule 22.2.

II.   The Clerk Shall Correct Petitioner's Name on the Docket

Although the case caption for the habeas petition reads "Esperanza Matiz Nancy," petitioner should be listed on the docket as "Nancy Esperanza Matiz."  Petitioner's signature on the petition reads "Nancy E. Matiz" and petitioner is registered with the  Bureau of Prisons under the name "Nancy Esperanz Matiz." Therefore, the Clerk will be directed to change petitioner's name on the docket from "Esperanza Matiz Nancy" to "Nancy Esperanza Matiz."

ORDERS

Based upon the foregoing, it is hereby

ORDERED, the Clerk shall correct the petitioner's name on the docket to read Nancy Esperanza Matiz; and it is further

ORDERED, this action be DISMISSED.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>June</u>, 2005.


<u>/s/ Mark L. Wolf</u>
MARK L. WOLF
UNITED STATES DISTRICT JUDGE