UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON MASSACHUSETTS

ESPERANZA MATIZ NANCY
Petitioner/Appellant

vs.                                    C.A 05-10398-MLW

M. RIVERA (Warden)

REQUEST FOR A RECONSIDERATION OF THE DENIAL OF A HABEAS 2241 RELIEF.

   COMES NOW Petitioner/Appellant Esperanza Matiz Nancy, in a pro-se and moves this Honorable court to reconsider and grant jurisdiction and entertain this request for a habeas 2241 relief pursuant to the 'savings clause' of Title 28 U.S.C.A section 2255 for the following reasons:
Petitioners case originated from the First Circuit and this court has a subject matter jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12 to entertain this case.
   The distrtict court denied jurisdiction and construed it as a second and successive motion stating the following:
1. That petitioner is not in custody in this district and that a 2241 petition is properly brought inthe district court with jurisdiction over the prisoners custodian; whereas, a section 2255 must be brought in the sentencing court.
2. Any section 2255 petitioner would be filing would be considered as a second or successive motion stating that petitioners 2255 was decided in the merits therefore, a second succesive motion would be appropiate
   I respectfully disagree with the Honorable Judge as Judiciary and the Judicial Procedure Chapter 153; Title 28 U.S.C.A section

section 2241 states that:

> "Where an application for a writ of habeas corpus is made by a person in custody under the judgement and sentence fo a State court of a State which contains two or more Federal judicial districts, <u>the application may be filed in the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the appication.</u>"

Further, the purpose of the savings clause of Title 2255 is to give a prisoner who have no other way of adjudicating a colorable claim the opportunity to present their cause. Congress created a the savings clause to protect the suspension clause of Article 1, clause 2 section 9 as a 'safety hatch' that if section 2255 in a particular case tends to be 'Inadequate or Ineffective' to meet the essential ffunctions of a habeas and give a prisoner a reasonable opportunity to obtain a relieable judicial determination of the fundamental legality of his conviction or sentence..

Title 28 U.S.C.A section 2241 states that:

> "An Application for a writ of habeas corpus on behalf of a prisoner whcih is authorized to apply for relief by motion pursuant to this section shall not be entertained if it apears that the applicant has failed to apply for relief by motion , to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy, by motion is 'inadequate or ineffective' to test the legality of his detention."

Thus the question remains "Whether this court lacked subject matter jurisdiction to entertain a motion brought pursuant to 28 U.S.C.A § 2241 based on the savings clause of Title 28 section 2255.

Secondly, this court has a jurisdictional authority to transfer this cause to the Appellate court as a second succesive motion for permission for leave to proceed fo the court felt that was the appropriate court and vehicle to utilize. The United States Supreme court in the case of Dodd v. United States 2005 U.S Lexis 4847

(June 20, 2005) resolved an inter circuit-conflict over the meaning of paragraph 6 of 28 U.S.C A § 2255 which provides that the limitation period begins to run on "the date on which the right asserted was initially recognized by the Supreme court and made retroactively applicable to cases on collateral review." The issue was whether the limitation period begin to run on the date the Supreme court "initially recognized" the right asserted OR whether it is the date on which the right is made retroactive to cases on collateral review. The Supreme court affirmatively concluded that the One year begin to run from the date thr Untied States Supreme court first asserted the right. Based on this , petitioner states that (a) She is within the One year Statutory limitation of the ruling in the casae of Blakely when she filed this cause to this court. (b) That she has served 14 years sentence as a first time non-violent offender and the Honorable Judge Zobel expressely voiced out that the sentence was too harsh and despite the Mandatory minimum sentencing reform act, he would not be sentencing petitioner to such a harsh sentence. Judiciary and Judicial Procedure Chapter 153, Title 28 U.S.C.A section 2241 partly states that:

> "...the district court for the district wherein such an application is filed in the exdrcise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determiantion ."

Based on the statutory construction of Title 28 section 2241, this court has concurrent jurisdiction and could have opted to transfer it to the appropriate court as already stated in order to preserve the one year limitation period in Blakely.

Petitoner is asking for a reconsideration and asking the following:
1. For the cort to axknowledge jurisdiction and entertain this case; issue the writ and allow her to proceed.

2. Alternatively, recharacterize this proceedings as a second successive motion to and transfer it tothe First circuit court of appeals for permission to file a second succesive motion.

This request for reconsideration is within 10 days and deemed on time.

Respectfully Submitted<br>
Esperanza Matiz Nancy<br>
Federal Correctional Institution<br>
501, Capital Circle NE<br>
Tallahassee Florida  32301

7-20-05
DATE

SIGNATURE

## NOTICE OF FILING/MAILING

This is to certify that I, Esperanza Matiz Nancy mailed a true copy of this Notice of Appeal and Request for a Reconsideration certified with correct postage affixed for prompt delivery and a return receipt request on this 6th day of July, 2005. and addressed as follows:

The Clerk of the Court
United States District court
John Joseph Moakley Courthouse
1, CourtHouse WAy, Suite 2300
Boston Ma  02210

7-20-05
DATE

/s/ Nancy Esperanza Matiz
SIGNATURE